JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.: 8:21-cv-00815-JLS-DFM　　　　　　　　　　　　　Date: April 28, 2022

Title: Naiqing Nancy Song v. Department of Health and Human Services et al

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| D. Rojas | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:　　ATTORNEYS PRESENT FOR DEFENDANT:

Not Present　　　　　　　　　　　　　　　　　　Not Present

**PROCEEDINGS:　(IN CHAMBERS) ORDER DENYING AS MOOT PLAINTIFF'S ACTION FOR ADMINISTRATIVE RECORD REVIEW OF FINAL AGENCY DECISION (Doc. 31)**

　　　　Before the Court is Plaintiff's action seeking administrative record review of a final agency decision by the U.S. Secretary of Department of Health and Human Services ("HHS"). Plaintiff filed an Opening Brief. (OB, Doc. 31.) Defendant opposed. (Opp., Doc. 32.) Plaintiff responded. (Response, Doc. 33.) And Defendant filed a Sur-Reply. (Sur-Reply, Doc. 34.) The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for **April 29, 2022 at 10:30 a.m.**, is VACATED. Having considered the pleadings, the parties' briefs, and for the reasons stated below, the Court DISMISSES Plaintiff's action as moot.

　　　　Plaintiff Naiqing Nancy Song ("Song") filed this action to challenge HHS's final decision rendered through the Medicare Appeals Council denying her request for preapproval of Medicare coverage for a device that provides neuromuscular electrical stimulation. (*See* OB at 1-2; Opp. at 1.) During of the pendency of this action, however, Song's Medicare Advantage Plan, Scan Health Plan, provided her with the device she sought through this litigation. (*See* Response at 1 ("Plan and IMR changed their position and approved the Plaintiff's request to replace Bioness L300 by new version of Bioness L300 GO . . . . [and] Plaintiff received the required the [sic] new version of Bioness L300

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-00815-JLS-DFM                                                   Date: April 28, 2022
Title:  Naiqing Nancy Song v. Department of Health and Human Services et al

GO.").)  HHS states that it "does not seek to challenge the provision of that device through its position in this litigation or to otherwise 'claw back' the device from Plaintiff."  (Sur-Reply at 1.)

As "a prerequisite to our exercise of jurisdiction, we must satisfy ourselves that the case is not moot."  *Back v. Sebelius*, 684 F.3d 929, 931 (9th Cir. 2012) (quoting *Vegas Diamond Props., LLC v. FDIC*, 669 F.3d 933, 936 (9th Cir. 2012)).  "To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  *Id.* (quoting *Vegas Diamond Props.*, 669 F.3d at 936).  An action is moot if "no present controversy exists as to which [a court] can grant effective relief."  *Id.* (quoting *Vegas Diamond Props.*, 669 F.3d at 936).

If Song were to prevail in this suit, it appears that the only remedy to which she would be entitled is Medicare coverage of the Bioness L300 Go Device.  As Song represents that she has already been provided with the device for which sues, no present controversy exists because there is no additional relief for the court to grant.  The Ninth Circuit has previously held that when the Secretary has already provided the relief sought, a live controversy does not exist.  *See Back*, 684 F.3d at 932-33 (no present controversy when plaintiff sought administrative appeals process that already existed).  Such is the case here.

Although Song also seeks "money damage [sic] of $2,202 related to this civil complaint," (First Amended Compl. ("FAC"), Doc. 12, at 6), Song has not cited any authority to demonstrate that monetary damages are available in this action.  Indeed, 42 U.S.C. § 1395ff and 42 C.F.R. § 422.612—the grounds for the judicial review—do not contemplate money damages.  *See also* 42 U.S.C. § 405(g) (only relief available is judgment affirming, modifying, or reversing decision of Secretary).  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  "In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity."  *United States v. Testan*, 424 U.S. 392, 400 (1976).  Song has pointed to no statutory waiver of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-00815-JLS-DFM                                      Date: April 28, 2022
Title:  Naiqing Nancy Song v. Department of Health and Human Services et al

sovereign immunity, and thus, the Court may only affirm, modify, or reverse the decision of the Secretary; it has no authority to provide money damages.

      Moreover, even if Song were challenging the National Coverage Determination ("NCD") that clarifies what circumstances and clinical conditions demonstrate medical necessity for the benefit Song sought here—the Bioness L300 GO—this Court would lack jurisdiction to decide that question and could provide no additional relief. Substantive challenges to an NCD—including that the parameters and limits reflected in the NCD are wrong in some respect—follow a separate administrative appeals process. *See* 42 U.S.C. § 1395ff(f)(1)(A) ("Review of any national coverage determination shall be subject to the following limitations: . . . Such a determination shall not be reviewed by any administrative law judge . . . . such a determination shall be reviewed by the Departmental Appeals Board of the Department of Health and Human Services."); 42 C.F.R. Subpart E and 42 C.F.R. Part 422, Subpart M (Medicare Advantage Program, Appeals).  Because Song has no "decision of the Departmental Appeals" that "constitutes a final agency action" that could be "subject to judicial review," Song's challenge is limited to review of the denial of coverage.  42 U.S.C. § 1395ff(f)(1)(A).  Thus, any question related to the applicable NCD would not be properly before the Court.

      As the Court concludes there is no present controversy that exists as to which the Court can grant effective relief, this action is DISMISSED as moot.

Initials of Deputy Clerk: droj